IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KMK METAL FABRICATORS, INC., a Corporation.** | ) )  ) |
| **Plaintiff.** | ) ) |
| vs. | ) ) ) |
| **FEDERATED MUTUAL INSURANCE COMPANY, a Corporation.** | ) ) ) |
| **Defendant.** | ) |

### COMPLAINT
### GENERAL ALLEGATIONS

Now comes the Plaintiff, KMK Metal Fabrications, Inc., by and through their attorneys Grey Chatham Jr of Chatham & Baricevic, LLC, and for its Complaint against the Defendant Federal Mutual Insurance Company, hereinafter "Federated" follows:

1. At all times relevant, Plaintiff was an Illinois corporation, licensed to do business in the state of Illinois, and doing business in Clinton County, Illinois where the transaction complained of occurred.   Venue is proper in Clinton County, Illinois

2. Defendant Federated Mutual Insurance Company was at all times relevant a Minnesota corporation, licensed to do business in the State of Illinois as an insurance company.

3. This cause of action involves a written insurance contract (or contracts) issued in Illinois to be performed in Illinois whereby Federated provided insurance coverage for Plaintiff's building in Trenton, Illinois. *See Attached.*

4. On or about March 6th, 2017, at Trenton, Clinton County, Illinois, Plaintiff sustained property damage to buildings and other related damages as a result of a storm which occurred.

5. Following the storm, equipment and materials were being damaged by weather exposure and outside water while Plaintiff's claim was being processed.

6. Plaintiff had repairs completed to remedy damages caused by the storm, and to mitigate additional damage to equipment and material from weather exposure and outside water, costing approximately $500,000.00.

7. Plaintiff subsequently demanded that Federated reimburse Plaintiff for the cost of said repairs, which amount was within the limits of the policy coverage provided to Plaintiff. However, in disregard of the written contract/policy between the parties, Federated denied said demand, and tendered an amount substantially less than Plaintiffs' demand, in the amount of only approximately $30,000.00.

8. On August 4th, 2017, Defendant formally denied any additional claim for compensation. *See Attached*.

9. Defendant refused to make payment to the Plaintiff in an adequate amount as required by the policy, and said refusal was made without a reasonable basis under the contract/policy between the parties, or existing law.

10. Defendant's refusal to pay the full amount due to Plaintiff was made in bad faith and for the purpose of denying the benefits of the contract/policy to Plaintiff, and an unlawful attempt to get Plaintiff to accept less money than was due under the policy.

11. Defendant Federated owed Plaintiff the duty to honor the contract/policy between the parties, and to conduct a prompt, reasonable and diligent investigation, and to otherwise comply with the provisions of the Illinois Insurance Code, 215 ILCS 5/1 et. seq., and Ill. Admin. Code, Title 50, § 919.50(a).

12. At all times relevant, there was then and there in effect 73 Ill. Admin. Code 600 et. seq. which mandated that the repairs to Plaintiff's building comply with the

Illinois Energy Conservation Code.

## COUNT I
## (BREACH OF CONTRACT)

13. Plaintiff repeats and realleges paragraphs 1 through 10 above.

14. At all times relevant, there was a valid contract for insurance coverage between the parties, and Plaintiff complied with the contract's provisions. *See Attached.*

15. Defendant breached the contract by refusing to pay the full amount of Plaintiff's damages, and the amount of said unpaid damages exceeds $50,000.00.

WHEREFORE, Plaintiff demands such a sum in excess of $50,000.00 as will fairly and adequately compensate Plaintiff, plus costs of any suit.

## COUNT II
## (BREACH OF IMPLIED COVENANT OF GOOD FAITH)

16. Plaintiff repeats and realleges paragraphs 1 through 13 above as though fully set forth herein.

17. Illinois law provides that every contract implies a covenant of good faith and fair dealings between the parties.

18. Defendant breached its duty of good faith and fair dealing by refusing to fully compensate the Plaintiff for its damages.

WHEREFORE, Plaintiff demands such a sum in excess of $50,000.00 as will fairly and adequately compensate it, plus costs of suit.

## COUNT III
## (BAD FAITH)

19.  Plaintiff repeats and realleges paragraphs 1-16 above as through fully set forth herein.

20. Defendant's failure to fully compensate Plaintiff is vexatious and unreasonable.

21. Defendant's failure to pay the full amount of Plaintiff's covered damages forced

Plaintiff to litigate to obtain its benefits due.

22. Defendant attempted to settle Plaintiff's claim for less than it was reasonably worth.

23. Defendant failed to affirm or deny coverage within a reasonable time after proof of loss statements were submitted.

24. Defendant's acts or omissions as stated in paragraphs 18-21 above constitute bad faith and violate the Illinois Insurance Code, 215 ILCS 5/1 et. seq.

WHEREFORE, Plaintiff demands such a sum in excess of $50,000.00 as will fairly and adequately compensate it, plus costs of suit, statutory penalties, attorney's fees or other costs per Section 155 of the Insurance Code, and prejudgment interest.

/S/GREY CHATHAM JR.
Grey Chatham Jr. 6312518
Chatham & Baricevic
Attorneys at Law
107 West Main Street
Belleville, Illinois 62220
PHONE:  618.233.2200
FAX:  618-233-1589
greyjr@chathamlaw.org

4