# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KMK METAL FABRICATORS, INC., **Plaintiff,** v. FEDERATED MUTUAL INSURANCE COMPANY, **Defendant.** | Case No. 19-CV-00844-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss ("MTD") and brief in support filed by Defendant Federated Mutual Insurance Company ("Federated") (Doc. 22). For the reasons set forth below, the Court grants in part and denies in part the motion.

### FACTUAL & PROCEDURAL BACKGROUND

This action commenced on August 2, 2019, when KMK Metal Fabricators, Inc. ("KMK") filed a Complaint and subsequent Amended Complaint against Federated seeking damages and other remedies for breach of contract, breach of an implied covenant of good faith, and bad faith related to KMK's insurance policy for its building in Trenton, Illinois (Docs. 1, 21). The Amended Complaint alleges that KMK's building sustained damage from a storm that occurred on March 6, 2017, resulting in exposure and damage to items stored inside the building (Doc. 21). KMK claimed that it completed repairs that cost upwards of $500,000.00 and demanded Federated compensate it for the

repairs (*Id.*). In response, KMK alleges that Federated disregarded the insurance policy and provided an amount substantially less than the amount KMK claims it is owed (*Id.*).

Federated then filed the instant MTD (Doc. 22). Federated states that KMK failed to file suit within two years as the policy requires, which eliminates its breach of contract claim in Count I (*Id.*). As a result, Federated also asserts that Counts II and III for breach of an implied covenant of good faith and bad faith also fall (*Id.*). Separately, Federated claims that Count II for breach of an implied covenant of good faith should be dismissed on the ground that Illinois does not recognize a common law cause of action for bad faith breach of an insurance policy (*Id.*). Federated further states that Count III must be dismissed on its own because it does not include enough facts to survive under the *Twombly* and *Iqbal* standard (*Id.*).

## LEGAL STANDARDS

The purpose of an MTD pursuant to Federal Rule of Civil Procedure 12(b)(6) is to address the sufficiency of the complaint for a claim upon which relief can be granted. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive an MTD, taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked

assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Further, courts "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). On the other hand, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice for on [an MTD during the pleading stage] we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

## ANALYSIS

### I. Time-barred Claims

Federated asserts that KMK's Count I claim for breach of contract is barred due to the limitation set in the policy that reads that actions must be "brought within 2 years after the date on which the direct physical loss or damage occurred," which, according to the policy, includes an extension for the time from when the proof of loss by the insured is submitted to the insurer through when the insurer denies the claim (Doc. 22). Federated states that KMK did not submit a proof of loss in the form required by the applicable policy and does not allege that it did so, meaning that KMK's suit was time-barred after March 6, 2019. KMK filed this suit on August 2, 2019.

KMK attached the alleged Federated policies to its Amended Complaint, which contain the following excerpts:

- Under the "COMMERCIAL PROPERTY CONDITIONS" section, the policies state that "[n]o one may bring a legal action against us under this Coverage Part unless: 1. There has been full compliance with all of the terms of this Coverage Part; and 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred" (Docs. 1-1, 1-2, 1-3).
- Under the "ILLINOIS CHANGES" addendum, the policies clarify that "[t]he two year period for legal action against us is extended by the number of days between the date the proof of loss is filed with us and the date we deny the claim in whole or in part" (*Id.*).
- Under the "BUILDING AND PERSONAL PROPERTY COVERAGE FORM" section, subpart "E. Loss Conditions," "3. Duties In The Event Of Loss Or Damage," the policies state that "[y]ou must see that the following are done in the event of loss or damage to Covered Property . . . (7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms" (*Id.*).

KMK's Amended Complaint indicates that it complied with the policy's provisions and alerted Federated to the damage, demanding that Federated reimburse it for the costs of repair. The Amended Complaint states that Federated formally denied additional claims for compensation outside of the amount offered on August 4, 2017, which would give KMK an extension if it submitted proof of loss statements as it stated it did in its Amended Complaint. KMK additionally seems to indicate in its response to the MTD that Federated failed to request or send a proof of loss to KMK, therefore violating the policy, but the Court's job here is not to weigh facts or determine their truthfulness. Taken as true and construed in favor of KMK, KMK's facts alleged in its Amended Complaint indicate that it may very well have had an extended window of valid time to file an action, and the original Complaint was filed within that potentially valid period according to the docket sheet. Those facts alone are enough to defeat Federated's first two positions for dismissal, which hinge on its time-bar argument.

## II. Breach of Implied Covenant of Good Faith under Illinois Common Law

Federated further argues that KMK's Count II claim for breach of an implied covenant of good faith should also be dismissed because the statutory law of Section 155 of the Illinois Insurance Code preempts any claim for extra-contractual damages based on common law breach of the duty of good faith. Federated also states that the Illinois Supreme Court has refused to recognize an independent common-law cause of action for "bad faith" breach of an insurance contract, based in part on the legislature having enacted Section 155. Additionally, Federated argues that the Illinois Supreme Court has held that the recovery of extracontractual damages in the insurance context can only be based on a separate and independent tort action involving insurer misconduct. KMK does not address this argument.

In Illinois, when an insurance company wrongfully refuses to pay a claim, the insured can bring a breach of contract claim to recover the amount due under the insurance policy. *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 900–01 (Ill. 1996). Illinois also allows the insured to collect extra-contractual damages, including attorney fees, costs, and a penalty amount, if the insurance company's refusal to pay is vexatious, unreasonable, or in bad faith. 215 ILL. COMP. STAT. § 5/155. In some instances, the insured can also bring an independent tort or statutory claim, such as common law fraud or statutory consumer fraud, against the insurance company. *See Cramer*, 675 N.E.2d at 902. These claims are only allowed, however, if they rest on facts and require proof of elements different from the breach of contract and vexatious refusal claims. *Burress-Taylor v. Am.Sec. Ins. Co.*, 980 N.E.2d 679, 688 (Ill. App. Ct. 2012) ("[M]ere allegations of bad faith

or unreasonable and vexatious conduct, without more, do not constitute a separate and independent tort." (citing *Cramer*, 675 N.E.2d at 904)); *Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 757 (Ill. App. Ct. 2004) ("A plaintiff may bring an independent tort action for insurer misconduct if the plaintiff alleges and proves the elements of the separate tort.").

Here, KMK's claim for breach of an implied covenant of good faith rests on the allegations contained in its claim for breach of contract in Count I. KMK merely adds that "Illinois law provides that every contract implies a covenant of good faith and fair dealings between the parties" and Federated "breached its duty of good faith and fair dealing by refusing to fully compensate the Plaintiff for its damages" (Doc. 21). Because this claim rests on the same facts and elements as KMK's Count I breach of contract claim, Count II does not pass muster under Illinois insurance law.

### III.   Bad Faith

Federated posits that KMK's Count III claim for bad faith fails to allege sufficient facts to survive an MTD under the *Twombly* and *Iqbal* standard. KMK rejects Federated's argument, stating that the bad faith claim contained in the Amended Complaint contains sufficient facts to support its allegations of bad faith against Federated. KMK's Amended Complaint contains the following allegations:

- "Defendant refused to make payment to the Plaintiff in an adequate amount as required by the policy, and said refusal was made without a reasonable basis under the contract/policy between the parties, or existing law" (Doc. 21).
- "Defendant's refusal to pay the full amount due to Plaintiff was made in bad faith and for the purpose of denying the benefits of the contract/policy to Plaintiff, and an unlawful attempt to get Plaintiff to accept less money than was due under the policy" (*Id.*).

- "Defendant breached its duty of good faith and fair dealing by refusing to fully compensate the Plaintiff for its damages" (*Id.*).
- "Defendant's failure to fully compensate Plaintiff is vexatious and unreasonable" (*Id.*).
- "Defendant's failure to pay the full amount of Plaintiff's covered damages forced Plaintiff to litigate to obtain its benefits due" (*Id.*).
- "Defendant attempted to settle Plaintiff's claim for less than it was reasonably worth" (*Id.*).
- "Defendant failed to affirm or deny coverage within a reasonable time after proof of loss statements were submitted" (*Id.*).
- "Defendant's acts or omissions as stated in paragraphs 18-21 above constitute bad faith and violate the Illinois Insurance Code, 215 ILCS 5/1 et. seq." (*Id.*).

Under Section 155, "[i]n any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000; (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." 215 ILL. COMP. STAT. § 5/155. Section 155 is the "legislature's remedy to an insured who encounters unnecessary difficulties when an insurer withholds policy benefits." *Golden Rule Ins. Co. v. Schwartz*, 786 N.E.2d 1010, 1018 (Ill. 2003) (internal quotation marks omitted).

KMK's Amended Complaint maintains the conclusory statements that Federated's "refusal to pay the full amount due to [KMK] was made in bad faith and for the purpose

of denying the benefits of the contract/policy to [KMK], and an unlawful attempt to get KMK to accept less money than was due under the policy" and Federated's "failure to fully compensate [KMK] is vexatious and unreasonable." But KMK supplements statements like this with facts related to the events following the storm damage that, taken as true, could support a finding that Federated's actions were vexatious or unreasonable. In other words, the general allegations embrace the specific facts necessary to support the claim. Because KMK does not rely solely on a bald assertion of unlawful conduct, Count III of the Amended Complaint survives the pleading standard of *Twombly* and *Iqbal,* thus presenting an issue of fact. Federated's last contention for dismissal fails.

## Conclusion

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Federated's Motion to Dismiss. The Court **GRANTS** Federated's motion as to **Count II** based on Illinois law's treatment of common law breach of the duty of good faith in the insurance context and **DISMISSES Count II** with prejudice. The Court **DENIES** the remainder of the motion and **DENIES** Federated's motion for oral argument on the MTD (Doc. 36).

**IT IS SO ORDERED.**

DATED:   April 14, 2020

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**